## J. I. and J. D. Bryan *v.* T. A. Glass.

The sale of improvements on the public land of the United States, to one who might claim a preëmption, is a good consideration for a promissory note.

APPEAL from the District Court of Claiborne, *Jones*, J.  *Spofford* and *Ray*, for defendants, contended:  This case presents but one legal question, and there is no dispute as to the facts of the case.

Can a person who has resided on a piece of public land, until he has forfeited his right to all the preëmption laws in favor of actual settlers on the public domain, sell the improvements made by him thereon, and enforce the payment of the price in our courts?  The judge of the court below, guided by what he deemed the true intent and meaning of the decisions of this court, thought not, and so we think.

It has been repeatedly decided by this court, "Improvements made upon the public lands of the United States, where the party making them is not in a situation to avail himself of the preëmption laws, cannot form the object of a contract." *Jenkins* v. *Gibson*, 3d Ann. 203.  *Wood* v. *Lyell*, 4th Ann. 145.  *Hollon* v. *Sapp*, Ib. 519.  In all these cases, except the first, the plaintiffs had entered the lands from the United States, and was suing the defendants for possession, and the defendants now claiming pay for their improvements, and the first case is, in principle, the same.

We have carefully examined the case of *Price* v. *Curran*, 5th Ann. 686, relied on by plaintiffs and appellants in the case before the court, and, we understand, the real question at issue and decided in that case was, that *Curran*, defendant, and maker of the note sued on, failed to show that *Gammon*, to whom the note was given, was not entitled to a right of preëmption to the lands on which the

improvements were made, at the time he sold the improvements, and that the court would presume that he was a settler in good faith, rather than a trespasser. This was all that was necessary for the court to decide in that case, and any other opinion expressed in the case, was mere *obitu dictum*. It is true that it is intimated in the opinion of the court, in this case, that if *Curran* was placed in a condition to acquire a preëmption to the land, it might be sufficient to bind him to pay the note. It is worthy of remark, that this is the only decision that has thrown out the intimation that, placing the purchaser of an improvement in the situation to acquire the right of preëmption, would make the contract binding in favor of a trespasser who sold it; in fact, we do not consider this case as going that length, and when we recur to the fact that, at the same term of court and a few days afterwards, another case, *Norman* v. *Ellis*, 5th Ann. 694, was decided, turning as near as possible on the same point, and no such intimation is made; on the contrary, it is decided in this case, that the defendant failed to make out his case, by not proving that the vendor was not in a situation, at the time of the sale, to acquire the right of preëmption, so we cannot believe that in the case of *Price* v. *Curran*, the court intended to go as far as plaintiff contended for.

It is admitted, in this case, that *Allen*, the vendor of the improvement to defendant, *Glass*, had forfeited his right of preëmption before the sale, and was, consequently, a trespasser, and sold that that did not belong to him; the sale of the property of another is void. C. C. 2427.

The argument of the appellant, which he seeks to draw from the case of *Price* v. *Curran*, that not only the vendor of the -improvements on public lands must not be in a condition to acquire the right of preëmption at the time of the sale, but that the vendee must also be in a condition that he cannot acquire the right of preëmption, in order that the contract should be void, is not based on any good reason. What difference can it be, in principle, with the purchaser of an improvement, whether he can acquire the right of preëmption on the improvement, or not? A man owning three hundred and twenty acres of land is not permitted to avail himself of a preëmption right; yet, can it make any difference in his legal rights, when he purchases an improvement on public land from a trespasser, whether he is the owner of three hundred and twenty acres of land, or not?

If the improvements made by a trespasser, in violation of the laws of the United States, on the public land, cannot form the object of a contract, as is decided in the cases first cited in this brief, we cannot see how plaintiff is to recover in this case. The point raised by the appellant, that *Allen*, at the time of the sale of the improvement to *Glass*, had been in possession for more than a year, and could not be ejected from the land, except by a petitory action, is not tenable. Trespassers on the public lands are liable to fine and imprisonment, and to be expelled by military force. Gordon's Digest of Laws U. S., Nos. 1508, 1511. 1 Land Laws and Opinions, p. 114, sec. 14. The State laws do not extend over them, in regard to their right of settlement or pay for improvements, until after the United States is divested of title. *Norman* v. *Ellis*, 5th Ann. 694.

*Lawson* and *Fuller*, for plaintiffs, contended : This was an action brought by plaintiffs to recover of defendants five hundred dollars, due on a promissory note made by him in favor of *Greene Allen*, with eight per cent interest from the 1st day of January, 1849.

The defendant answered, admitting the execution of the note, but avers that the same was given for an unlawful consideration—an improvement on public lands; and that *Greene Allen*, the payee, was not in a condition to acquire a preëmption right in said land, at the time of sale.

Upon these issues the cause was tried, and judgment rendered in favor of defendant, from which judgment the plaintiff has taken this appeal.

The facts of the case are briefly these : The note sued on was given to *Greene Allen* for the purchase of an improvement on public land, containing one hundred acres, or more, cleared land, with good log buildings on it. *Greene Allen* lived on it more than a year and thirty days, before he sold it to defendant. The land was subject to entry at the time defendant took possession of it, and lived on it upwards of a year, and then moved off; tried to sell it and rent it, after he left it. The rent of the land was worth $1 50 per acre.

The plaintiffs contend that the judgment of the lower court is erroneous, and should be reversed, for the following reasons: That the case should have been

BRYAN
*v.*
GLASS.

decided upon the same principles as the case of *Price* v. *Curran*, decided in this court at this place last fall. In that case, held, that it was necessary to release a party from the payment of a note, given for the purchase of an improvement on public land. To show that neither the vendor nor vendee were in a situation to avail themselves of the benefit of the preëmption laws of the United States, at the time of the sale. In the present case, that was not shown. It was shown that *Allen* had resided on the place more than a year and thirty days, which, perhaps, would include the idea that he was entitled to a preëmption on it. But, then, it is not shown that *Glass* could not have availed himself of the benefit of the preëmption laws. If *Glass* gained any thing by the purchase, it seems to me, he ought to be liable for the price; he gained the possession of the place and its use, which was worth one dollar and fifty cents per acre, making one hundred and fifty dollars, and he occupied one year and left it. *Allen* was in possession of the place more than a year, and could not be dispossessed, except by a petitory action. The defendant gains that right, and was on the premises, in a situation by which he could have joined his premises to *Allen's*, making more than a year's possession in him. The fact of *Allen* selling him his improvements on said land, was an act of trespass, not in violation of the laws of the United States, because it will not be presumed that *Allen* was on the place for any other purpose than a lawful one, he having the right under the law, and settled on the place and improved it for thirty days before he declared his intention of claiming a preëmption; and the law will also presume, that the defendant, *Glass*, purchased the right to enter on the land with a lawful intention, to wit, that of acquiring a preëmption. For all which reasons, plaintiffs pray judgment in their favor, and for cost and for general relief.

The judgment of the court was pronounced by

PRESTON, J. This suit is brought on a promissory note, given by the defendant to *Green Allen*, for an improvement on the public land. The improvement consisted of good log cabins and a hundred and fifty acres of cleared land. *Allen* had lived upon the land until he had lost the right of purchasing it from the United States by preëmption. Still, the improvements were valuable to him. It was a home for his family, established by his labor. The quantity of cleared land was sufficient, also, to enable him to support a family, and no one could dispossess him except the United States, or their vendees. It is to be presumed, too, until the contrary appears, that he made the improvements, not as a trespasser, but with the laudable and lawful purpose of entering it, and may have been prevented, by his poverty, from purchasing it from the government.

We have no reason to believe that the defendant purchased the improvement with a view to trespass on the public land, but, on the contrary, are bound to presume that, being in a situation to enter the land, the defendant not only bought the improvements, but intended to purchase, and did purchase, the right of occupancy, with a view to acquire the land by preëmption, upon his own possession. The improvement was, therefore, valuable also to the defendant, and he enjoyed that value for a year, and might have entered the land; but changing his mind, or being unable to enter it, he offered it for sale, to afford others the opportunity to enter government land already improved, without appropriating to himself the result of another's labor, which, in morals, belongs to him, although not protected by law.

The purchaser of the improvements, in this case, being, as we presume, entitled to enter the land, and having purchased them for that purpose, they afforded a valuable and legal consideration for the note sued upon. And in this respect, the case differs from those relied upon, in which the purchaser of the improvements could not have entered the land.

The judgment of the district court is reversed; and it is decreed, that the plaintiff recover from the defendant the sum of five hundred dollars, with interest at the rate of eight per cent from the first day of January, 1849, until paid, and costs in both courts.